UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KELLANOVA, INC.

               Plaintiff,                          Case No.

and

                                                   Hon.

LOCAL NO. 70 BAKERY, CONFECTIONARY,
TOBACCO WORKERS AND GRAIN MILLERS
INTERNATIONAL UNION ALF-CIO-CLC

               Defendant.
_____/

| | |
|---|---|
| Keith E. Eastland (P66392) | Erin Dornbos(P80834) |
| Saniya Khare (P83020) | Attorneys for Defendant |
| Attorneys for Plaintiff | PINSKY SMITH PC |
| MILLER JOHNSON | 146 Monroe Center, NW, Ste. 418 |
| 45 Ottawa Ave, SW, Ste. 1100 | Grand Rapids, MI 49503-2818 |
| Grand Rapids, MI  49503 | (616) 451-8496 |
| (616) 831-1749 | edornbos@pinskysmith.com |
| eastlandk@millerjohnson.com | |
| khares@millerjohnson.com | |

_____/

## **COMPLAINT TO VACATE ARBITRATION OPINION AND AWARD**

      Plaintiff, Kellanova Inc., by its attorneys Miller Johnson, for its Complaint against Local No. 70 Bakery, Confectionary, Tobacco Workers and Grain Millers International Union ALF-CIO-CLC ("Defendant" or the "Union"), states as follows:

### **PARTIES**

      1.     Kellanova is a global food company specializing in snacks, cereals, plant-based foods, and frozen breakfast items.

      2.     Kellanova has a significant presence in Michigan, including a corporate office in Battle Creek, Michigan.

3.      Kellanova also has a facility in Grand Rapids Michigan located at 310 28th St. S.E., Grand Rapids, MI 49548 ("Grand Rapids Facility").

4.      The Union is a labor organization representing employees in an industry affecting commerce as defined in 29 U.S.C. §152(5).

5.      The Union has its office and principal place of business in Grand Rapids, Michigan.

6.      The Union is the exclusive bargaining representative, under Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), for a group of employees, including production, bake shop, maintenance, sanitation, packing, and holding jobs in a collective bargaining unit at the Grand Rapids Facility.

## JURISDICTION AND VENUE

7.      This is an action to vacate an arbitration decision and award dated October 16, 2024, brought pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA" or "Act").

8.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, Section 301 of the LMRA, 29 U.S.C. § 185, and the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*, as this is an action to set aside a labor arbitration award, without respect to the amount in controversy or the citizenship of the parties.

9.      Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this action occurred within the district.

10.     Venue is also proper in this district under 29 U.S.C. § 185(c), which provides jurisdiction over a labor organization in any district in which the labor organization's duly authorized officers and agents are engaged in representing or acting for employee members, because the Union is engaged in and representing employees in the Western District of Michigan.

11.    The Court has personal jurisdiction over the Union for the same reasons that venue is proper under 29 U.S.C. § 185(c).

## FACTUAL BACKGROUND REGARDING THE PARTIES DISPUTE LIMITED TO ARTICLE 29

12.    Kellanova and the Union are parties to a collective bargaining agreement ("CBA") effective May 1, 2023 through April 30, 2027.

13.    The CBA covers production, bake shop, and maintenance employees, including sanitation employees, packing employees, shipping and receiving employees at the Grand Rapids Facility.

14.    Employees in the maintenance department work in the following roles: machine repair technician, lube technicians, machinists, parts persons, electricians/electrician apprentices and unlicensed mechanic positions.

15.    Article 29 of the CBA covers "Subcontracting" and provides:

The Company and the Union agree that the first priority of in-plant maintenance employees is to maintain the operation of these facilities in a timely, cost efficient and effective manner.

It is understood and agreed that the decision to subcontract shall be made by management, and that such decisions will be discussed with the local union at a time in advance of the actual subcontract.

Management shall inform the Local Union's designated representative whenever any work is to be subcontracted and will discuss with the Local Union the reasons for such subcontracted work. The Company also agrees it will not subcontract any work provided it then has sufficient manpower skills, ability and equipment in the plant to timely and cost efficiently perform the work involved, keeping in mind the first priority of our maintenance employees is the maintenance of our equipment. The Company recognizes the Union's rights on the issue of subcontracting

16.    Separately, the Parties' CBA also contains two Memoranda of Understanding from 1996 and 2006 (MOUs) that apply only to a small subset of grandfathered employees.

17.    During Thanksgiving of 2023, the Grand Rapids Facility directed a plant shut down where nearly all employees were off work.

18.    During this shut down, Kellanova hired outside contractors to perform a significant project related to the replacement of certain dust collector equipment.

19.    Kellanova provided the Union notice of the project to be subcontracted during weekly contractor notification meetings in the weeks prior to the shutdown.

20.    Maintenance department employees, like all other non-essential employees, were off during the Thanksgivings shut down and returned to work on the Monday after Thanksgiving.

21.    On November 30, 2023, the Union filed a grievance in this matter alleging a violation of Article 29, and such grievance was received by the Kellanova on December 12, 2023. **Exhibit A, Grievance**.

22.    The grievance alleged that Union the Company violated Article 29 of the CBA because maintenance department employees could have performed the work, and the Union was not provided full notice of the scope of the subcontracted work.  Exhibit A.

23.    The Union's grievance alleged only a violation of Article 29 of the CBA; the Grievance did not allege a violation of the 1996 or the 2006 MOUs Exhibit A.

24.    The Union's grievance did not mention extra of the Memoranda of Understanding from 1996 and 2006. Exhibit A.

25.     Arbitrator Kathleen Paterno held an Arbitration Hearing on this matter on June 26, 2024 in Grand Rapids, Michigan. The Hearing was Transcribed by a Court Reporter.

26.     At the Arbitration, Union Steward Jason Gladding testified the MOUs were applicable only to the limited number of employees with seniority as of September 26th of 2006 and earlier, and, that the grandfathered group is treated differently than everybody else in the maintenance department.

27.     None of the Union witnesses, or the Union's counsel alleged a violation of the MOUs during the grievance process or the Arbitration.

28.     Following the arbitration, both Kellanova and the Union submitted post-arbitration briefs.

29.     The Union submitted 18 pages of briefing following the Arbitration, and did not mention claim or argue that MOUs or MOAs even once in its brief. **Exhibit B, Union Brief.**

30.     Union counsel own admitted, that the MOAs were not at issue in the grievance or the Arbitration.

### THE ARBITRATION DECISION AND AWARD

31.     The Arbitrator issued an opinion and award in relation to the instant matter on October 16, 2024.

32.     Although not committed to her for resolution, the Arbitrator made the following findings of fact in relation to the MOAs.

    a.   "3. The Memorandum of Agreement, effective September 26, 2006, provided, in part, that "[t]he [then] current Mechanics, Electricians, Apprentices and Multi-skilled employees will be "grandfathered "

regarding the Outside Contractor Agreement and the scheduling of overtime..." **Exhibit C, Arbitration Decision and Award**.

b. "36. The past practice required maintenance employees to also be working in the Plant if a contractor was in the Plant performing work under the Union's jurisdiction." Exhibit C.

c. "43. The Memorandum of Understanding ("MOU") provides that mechanics, electricians, apprentice and multi-skilled employees in maintenance are grandfathered in and receive the benefit that when contractors are in the Plant, those grandfathered employees also get to work." Exhibit C.

33.     The Arbitrator's Opinion further states: "The past practice under Article 29 provided that if a contractor was performing work under the Union's jurisdiction, maintenance employees also worked which was also the subject of a Memorandum of Understanding ("MOU")."  Exhibit C. p. 1.

34.     In her opinion, the Arbitrator also states: "In addition to being a bargained for right of the Union's, these maintenance employees' rights regarding subcontracting and scheduling of overtime are expressly grandfathered in pursuant to the MOU that has been effective since September 26, 2006." Exhibit C. p. 27.

35.     Issued a Punitive Recovery, including requesting Notice of Contract Violation.

## THE ARBITRATOR EXCEEDED HER AUTHORITY AND THE AWARD IS UNENFORCEABLE

36.     The Arbitrator's October 16, 2024 decision and award is unenforceable and must be vacated for multiple reasons, including:

a.    The Arbitrator acted beyond her authority, including by resolving matters that were beyond the scope of the grievance, that were not in dispute, and that were not committed to arbitration.

b.    The Arbitrator impermissibly added to, subtracted from, changed, or modified the terms of the CBA, including specifically, Article 29 of the CBA, and the MOUs.

c.    The Arbitrator did not arguably construe the terms of the collective bargaining agreement.

d.    The Arbitrator's award and findings are so untethered to the terms of the parties' Agreement that it cannot be enforced.

e.    The Arbitrator's award fails to draw its essence from the collective bargaining agreement's terms, conflicts with undisputed facts and controlling law, ignores the contract terms and the parties' agreement, and substitutes the Arbitrator's own notions of industrial justice.

f.    The Arbitrator's award conflicts with the terms of the collective bargaining agreement, imposes additional requirements on Kellanova that are not a part of the CBA, and is not rationally supported by or derived from the contract terms.

g.    The Arbitrator's award is impermissibly based on general considerations of fairness and equity untethered to the contract terms or the parties' agreement.

**WHEREFORE,** Kellanova respectfully requests that the Court vacate the Arbitrator's award, set it aside, declare it void and unenforceable in all respects, and grant such further relief to which Plaintiff may be entitled.

MILLER JOHNSON
Attorneys for Kellanova

Dated: November 6, 2024

By  /s/ Keith E. Eastland
    Keith E. Eastland (P66392)
    Saniya Khare (P83020)
    45 Ottawa Avenue SW, Suite 1100
    Grand Rapids, MI  49503
    (616) 831-1749
    eastlandk@millerjohnson.com
    khares@millerjohnsonson.com